IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David E. Mullinax, | C/A No. 0:14-409-TMC-PJG |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Steve Loftis, | |
| Respondent. | |

The petitioner, David E. Mullinax ("Petitioner"), a self-represented pretrial detainee, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. This Petition is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without requiring the Respondent to file a return.

**I.     Factual and Procedural Background**

Petitioner indicates that he has been a pretrial detainee at the Greenville County Detention Center since November 14, 2013. (ECF No. 1 at 1–2.) Petitioner complains of a high bond and an unlawful search, allegedly conducted by law enforcement without a warrant or probable cause. (Id. at 2, 6–8.) Petitioner seeks a lower bond and release from custody. (Id. at 8.)

**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C.

§ 2254;[1] the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

Pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, " 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.' " United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)).  However, the United States Supreme Court has held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances, and that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  Younger v. Harris, 401 U.S. 37, 43–44 (1971) (citation omitted); see also Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996).  From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

In this case, Petitioner states that he is currently detained pending disposition of state criminal charges.  (ECF No. 1 at 1–2.)  Thus, an ongoing state criminal proceeding exists, satisfying the first part of the test.  The second part of the test is met as the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the



most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting " 'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.' " Gilliam, 75 F.3d at 904 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)).

The Petitioner in this action may pursue his claims, associated with an allegedly illegal search by law enforcement, in state court both during and after the disposition of his criminal charges. Further, to the extent Petitioner complains of a "high" bond amount, bail is not excessive within the meaning of the Eighth Amendment merely because a detainee cannot pay it. See United States v. McConnell, 842 F.2d 105, 107 (5th Cir. 1988) (collecting cases); White v. Wilson, 399 F.2d 596, 598 (9th Cir. 1968); Eady v. Dir., Charleston Cnty. Det. Ctr., C/A No. 9:11-1695-JMC-BM, 2011 WL 3704225, at *2 n.3 (D.S.C. Aug. 2, 2011). While Petitioner would like his bond lowered to five thousand dollars, (ECF No. 1 at 8), he provides no factual allegations to support his contention that the bond amount set in his state criminal case is excessive. As Petitioner fails to demonstrate that he has no adequate remedy at law, or that he will suffer irreparable injury if denied his requested relief, see Younger, 401 U.S. at 43–44, Petitioner is precluded from federal habeas relief at this time.

### III. Conclusion

Accordingly, the court recommends that the instant Petition for writ of habeas corpus be dismissed without prejudice and without requiring the Respondent to file a return.

May 14, 2014  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*  
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).