IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| David E. Mullinax, | ) | |
| | ) | Civil Action No. 0:14-409-TMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Steve Loftis, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, an inmate proceeding pro se, brought this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the petition be dismissed without prejudice and without requiring Respondent to file a return. (ECF No. 13). Petitioner timely objected to the Report. (ECF No. 19).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687

---

[1] At the time of the filing of the petition, Petitioner was a pretrial detainee at the Greenville County Detention Center.

F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his petition, Petitioner challenges his bond amount and claims that law enforcement conducted an unlawful search. At the time Petitioner brought this action, he was a pretrial detainee awaiting disposition on his criminal charges. Due to his pre-trial status, the magistrate judge recommended dismissing the petition to avoid interfering with ongoing state court proceedings. In addition, the magistrate judge found that Petitioner fails to state facts supporting his excessive bond claim. Petitioner objects, stating that there is no longer an ongoing state criminal proceeding and re-asserting his unlawful search claim.

As Petitioner has been convicted and is now in the custody of the South Carolina Department of Corrections, his request for a reduction in his bond is moot. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) ("It would seem clear that under this general rule Hunt's claim to pretrial bail was moot once he was convicted."). Furthermore, the other issues raised by the Petitioner must first be reviewed in state appellate courts before this Court may consider it. Habeas relief under 28 U.S.C. § 2254 or under 28 U.S.C. § 2241 can be sought only after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). Exhaustion of state court remedies "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir.1973) (citing *Braden*).

Accordingly, the court adopts the Report (ECF No. 13) and incorporates it herein. It is therefore **ORDERED** that the habeas petition is **DISMISSED** without prejudice and without requiring Respondent to file a return.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 12, 2014
Anderson, South Carolina